IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-296-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RONTA TYSHOAN BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

On April 15, 2016, Ronta Tyshoan Brown ("Brown") moved to suppress all evidence obtained from a traffic stop that took place on April 2, 2015. See [D.E. 35]. Essentially, Brown contends that he did not run a stop sign and that Deputy Will Olive of the Johnston County Sheriff's Office did not have probable cause to stop Brown's vehicle. See id. 1–4. Accordingly, Brown argues that the seizure violated the Fourth Amendment and that all evidence obtained as a result of the seizure should be suppressed as fruit of the poisonous tree. See id. 3–4. On April 28, 2016, the government responded in opposition. See [D.E. 37]. On May 27, 2016, the court held a hearing on the motion to suppress.

The court has considered the entire record and assessed the credibility of the two witnesses who testified at the hearing: Deputy Will Olive and Ronta Tyshoan Brown. In assessing credibility, the court has considered the demeanor of the witnesses, any interest, bias, or prejudice that the witnesses may have, the witnesses' motive to falsify, the opportunity of the witnesses to observe and remember the facts about which the witnesses testified, and whether the testimony comports with the other believable evidence in the case.

The court finds that, while driving westbound on Highway 70, Deputy Olive observed two vehicles at a stop sign on Highway 70A. Deputy Olive observed the first vehicle stop and turn right going westbound on Highway 70. Deputy Olive then observed the second vehicle (which Brown was driving) turn left going eastbound on Highway 70 without stopping at the stop sign. Deputy

Olive had a clear line of sight to observe the two vehicles, including the vehicle that Brown was driving.

After observing Brown's vehicle run the stop sign, Deputy Olive continued driving westbound on Highway 70 until he approached the intersection. Deputy Olive then made a U-turn at the intersection, drove eastbound on Highway 70, caught up with Brown's vehicle, and activated the emergency lights on his patrol vehicle. Brown promptly pulled over and stopped his vehicle.

The traffic stop was a seizure. See, e.g., Whren v. United States, 517 U.S. 806, 809–10 (1996). However, "[o]bserving a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008). Because Deputy Olive observed Brown's vehicle run the stop sign, the traffic stop was justified.

In opposition, Brown testified that a friend was driving her car in front of him while Brown drove his car. According to Brown, each was driving southbound on Pondfield Road towards Highway 70. Brown's friend stopped her car at the stop sign, eased forward, and then turned right going westbound on Highway 70. Brown then pulled his vehicle up to the stop sign and made a complete stop. Brown claims that he observed a sheriff's car pull into the left-hand turn lane at the intersection of Highway 70 and Pondfield Road. According to Brown, the sheriff's car just sat there and did not turn. After approximately twenty seconds, Brown says that he drove his vehicle across Highway 70 and turned left, heading eastbound on Highway 70. According to Brown, the sheriff's car then made a U-turn and followed him. Just as Brown was about to turn his vehicle onto Dr. Donnie H. Jones, Jr., Boulevard, the sheriff's car activated its blue lights and Brown promptly stopped his car.

Deputy Olive's testimony and Brown's testimony are not reconcilable. Having considered the demeanor of each witness, the motive to falsify, and all other evidence in the case, the court does not credit Brown's testimony and instead credits Deputy Olive's testimony. Specifically, the court

credits Deputy Olive's testimony that he observed Brown's vehicle run a stop sign at the intersection of Highway 70A and Highway 70. Deputy Olive then proceeded to the intersection, made a U-turn, drove eastbound on Highway 70, caught up with Brown's vehicle, and activated his blue lights. The court recognizes that Deputy Olive's report (which is not in the record) apparently states that he observed the traffic violation at the intersection of Pondfield Road and Highway 70. Nonetheless, Highway 70A is a nearby intersection with Highway 70, and the court finds that the location in the report is mistaken. Moreover, the court credits Deputy Olive's description of his own conduct before the stop and does not credit Brown's description of the sheriff's car allegedly sitting in the turn lane on Highway 70 for approximately 20 seconds, Brown then turning left in front of the sheriff's car, the sheriff's car then making a U-turn and following Brown's car, and the sheriff's car only activating its lights as Brown was about to turn onto Dr. Donnie H. Jones, Jr., Boulevard. Brown was not a believable witness.

In sum, Deputy Olive had probable cause to believe that he observed Brown run a stop sign while turning left onto Highway 70 from Highway 70A. Thus, the seizure was lawful. Brown's motion to suppress [D.E. 35] is DENIED.

SO ORDERED. This 13 day of July 2016.

JAMES C. DEVER III
Chief United States District Judge